# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1117V
### Filed: August 6, 2019
UNPUBLISHED

|  |  |
|---|---|
| DANIEL H. TRIGOBOFF,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Motion for Ruling on the Record;<br>Finding of Fact; Onset; Tetanus-<br>Diphtheria-Acellular Pertussis (Tdap)<br>Vaccine; Shoulder Injury |

*Robert P. Goodwin, Walsh Roberts & Grace, Buffalo, NY, for petitioner.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

## FACT RULING[1]

**Dorsey**, Chief Special Master:

On August 21, 2017, Daniel Trigoboff ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury that was caused by the Tetanus-Diphtheria-Acellular Pertussis ("Tdap") vaccine administered on November 16, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. For the reasons discussed

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the Internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

below, the undersigned finds that the onset of petitioner's right shoulder pain occurred within 48 hours after the receipt of his November 16, 2015 Tdap vaccination.

## I.      Relevant Procedural History

Following the initial status conference held on October 12, 2017, respondent was ordered to file a status report indicating how he intended to proceed in this case.  ECF No. 9.  On April 25, 2018, respondent filed a Rule 4(c) Report concluding that compensation is not appropriate in this case.  Respondent's Rule 4(c) Report at 1-2.  Respondent contended that petitioner had not established that the onset of his right shoulder pain occurred within 48 hours of his receipt of the November 16, 2015 vaccination.  *Id*. at 5.

On December 27, 2018, petitioner was ordered to file a Motion for a Ruling on the Record with regard to the onset of his alleged injury.  ECF No. 33.  Petitioner filed a Motion for a Ruling on the Record ("Motion") with regard to onset on March 14, 2019.  ECF No. 36.  In his Motion, petitioner argued that his medical records and affidavits establish that the onset of his shoulder injury occurred within 48 hours of the November 16, 2015 Tdap vaccination.  Motion at 10.

Respondent did not file a response to petitioner's Motion.

## II.     Issue

At issue is whether petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table.  42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination).  Additionally, the Qualifications and aids to interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same time frame, 48 hours.  42 C.F.R. § 100.3(c)(10).

## III.    Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act § 11(c)(1).  A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period."  Vaccine Act § 13(b)(2).  "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table."  *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and

aggravation of petitioner's injury or illness that is contained in a medical record. Vaccine Act § 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).


## IV. Finding of Fact Regarding Onset

Pursuant to petitioner's Motion filed on March 14, 2019, the undersigned makes the following finding after a complete review of the record, including all medical records, petitioner's affidavits, respondent's Rule 4(c) Report, and petitioner's Motion.

Based upon the record as a whole, and specifically the evidence cited below, the undersigned finds that the onset of petitioner's right shoulder pain occurred within 48 hours after the administration of the November 16, 2015 Tdap vaccine.

- On November 16, 2015, petitioner received a Tdap vaccine in his right arm. Petitioner's Exhibit ("Pet. Ex.") 1 at ¶ 3; 2 at 2; 9 at ¶ 1; A at 1.

- On February 26, 2016, petitioner presented to Northeast Medical, P.C., with complaints of right shoulder pain. Pet. Ex. 4 at 9. Petitioner reported that he had previously been administered a Tdap vaccine in his right arm and had experienced right shoulder pain since that time. *Id.* Petitioner added that he had developed pain with range of motion four weeks after the vaccination. *Id.* On examination, petitioner presented with right shoulder tenderness and painful range of motion. *Id.* at 11.

- On August 23, 2016, petitioner presented to Northeast Medical, P.C., for a follow-up appointment regarding his right shoulder pain. *Id.* at 17. Petitioner reported that he had been experiencing persistent right shoulder pain "for almost [nine] months." *Id.* at 18. On examination, he presented with limited right shoulder range of motion and tenderness to palpation. *Id.* at 19.

- On November 3, 2016, petitioner presented to Excelsior Orthopaedics, LLP, for a new patient evaluation. Pet. Ex. 6 at 1. The orthopedist noted that petitioner had experienced right shoulder pain since November 15, 2015 following a Tdap vaccination.[3] *Id.* On examination, petitioner presented with 100 degrees of

---

[3] As indicated above, the undersigned finds that petitioner was administered a Tdap vaccination on November 16, 2015. At the November 3, 2016 appointment at Excelsior Orthopaedics, LLP, and at subsequent visits with this provider, petitioner was repeatedly recorded as having experienced right shoulder pain as of *November 15, 2015* following a Tdap vaccination. *See* Pet. Ex. 6 at 1, 5, 9, 16. On May 29, 2019, the undersigned ordered petitioner to file an affidavit addressing the aforementioned records. *See* Scheduling Order, filed May 29, 2019 (ECF No. 40). Petitioner filed an affidavit on June 25, 2019. ECF No. 41. In his affidavit, petitioner stated that he believed the records from Excelsior

forward flexion with pain, 100 degrees of right abduction, and positive Hawkins and Neer impingement. *Id.* at 2.

- In an affidavit filed on September 1, 2017, petitioner averred that he began experiencing right shoulder and arm pain "immediately" following the administration of the November 16, 2015 Tdap vaccination that had persisted. Pet. Ex. 1 at ¶¶ 6-8, 13.

- Petitioner filed a supplemental affidavit on June 5, 2018 providing additional information regarding the onset of his injury. Pet. Ex. 9. Petitioner reiterated that he had experienced right shoulder pain "immediately" following his November 16, 2015 vaccination that had persisted. *Id.* at ¶¶ 2-3.

- Petitioner filed an affidavit on October 12, 2018 from Eileen R. Trigoboff, D.N.S., his wife. Pet. Ex. 10. In her affidavit, Ms. Trigoboff averred that petitioner complained of pain and discomfort "immediately" following his November 16, 2015 Tdap vaccination that persisted. *Id.* at ¶¶ 2, 4-9.


### V.      Conclusion

The undersigned finds, based on the record as a whole, that the onset of petitioner's right shoulder pain occurred within forty-eight (48) hours of his November 16, 2015 Tdap vaccination.


**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

Orthopaedics, LLP, contain typographical errors as to the date of his Tdap vaccination. *Id.* at ¶ 3. Petitioner averred that he never told this medical provider that he received a vaccine on November 15, 2015. *Id.* Furthermore, petitioner noted that November 15, 2015 was a Sunday and he did not seek medical treatment on that date. *Id.* Referencing his November 16, 2015 appointment with Donald W. Robinson, M.D., petitioner noted that the purpose of this visit is listed as "encounter for immunization" and the record does not otherwise reflect treatment for shoulder pain. *Id.* at ¶¶ 4-6. According to petitioner, these records confirm that he received his Tdap vaccination on November 16, 2015. *Id.* at ¶ 6. Based on the information above, the undersigned finds that petitioner has provided a credible explanation for the discrepancies in his medical records regarding the date of his Tdap vaccination. Accordingly, the undersigned concludes that the records from Excelsior Orthopaedics, LLP, are supportive of petitioner's claim to the extent they link the sudden onset of his right shoulder pain to the Tdap vaccination.